UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMANDA L. WILSON,

Plaintiff,

-against-

WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS; NEW YORK STATE DEPARTMENT OF CORRECTIONS; WELLPATH; NURSE HAMILTON; NURSE BETTY; JOHN DOE SEARGANTS 1-3; OFFICER DELGATO; OFFICER ROSARIO

Defendant(s).

26-CV-5491 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff Amanda Wilson, who is currently detained at Westchester County Jail as a pretrial detainee, brings this action *pro se*, asserting claims under 42 U.S.C. § 1983 that Defendants violated her federal constitutional rights. Plaintiff names as Defendants: (1) Westchester County Department of Corrections ("WCDOC"); (2) New York State Department of Corrections, which the Court understands to be the New York State Department of Corrections and Community Supervision ("DOCCS"); (3) Wellpath; (4) Nurse Hamilton; (5) Nurse Betty; (6) John Doe Sergeants 1–3; (7) Corrections Officer Delgato; and (8) Corrections Officer Rosario. (Compl. 2–6 (Dkt. No. 1).) Plaintiff seeks injunctive relief and damages. (*Id.* at 7.)

For the reasons that follow, the Court: (1) dismisses Plaintiff's claims against John Doe Sergeants 1–3; (2) dismisses, with leave to replead, Plaintiff's claims against Officer Delgato; (3) dismisses Plaintiff's claims against DOCCS; and (4) directs service on Nurse Betty, Officer Rosario, WCDOC, and Wellpath, and Nurse Hamilton.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint, or any portion of that complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings "liberally," *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (quotation marks and citation omitted), has its limits—to state a claim, *pro se* pleadings must nevertheless comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief, *see Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (noting that "a *pro se* complaint must state a plausible claim for relief").

## DISCUSSION

### A. Claims Against John Doe Sergeants 1-3

Plaintiff asserts claims against three different John Doe sergeants, alleging that she attempted to submit three grievances to three different sergeants, all of which the officers refused

to accept or review. Such claims arise under the First Amendment and Due Process Clause of the Fourteenth Amendment. The Court must dismiss these claims.

Claims against correction officials for refusing to accept a plaintiff's grievance are not cognizable under Section 1983. *See Alvarado v. Westchester County*, 22 F. Supp. 3d 208, 214 (S.D.N.Y. 2014) ("Notwithstanding the First Amendment's guarantee of the right to petition the government for redress, 'inmate grievance programs created by state law are not required by the Constitution, and consequently allegations that prison officials violated those procedures do not give rise to a cognizable Section 1983 claim.'" (quoting *Shell v. Brzezniak,* 365 F. Supp. 2d 362, 369–70 (W.D.N.Y. 2005) (alterations adopted)); *see also Riddick v. Semple,* 731 F. App'x 11, 13 (2d Cir. 2018) (summary order) (holding that restrictions on filing grievances did not violate prisoner's due process rights as "neither state policies nor 'state statutes create federally protected due process entitlements to specific state-mandated procedures'" (quoting *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003)) (alteration adopted)); *Mimms v. Carr*, No. 09-CV-5740, 2011 WL 2360059, at *10 (E.D.N.Y. June 9, 2011) ("The First Amendment is not implicated . . . where prison officials deny an inmate access to grievance procedures."), *aff'd*, 548 F. App'x 29 (2d Cir. 2013) (summary order). Instead, "in the event that prison officials ignore a grievance that raises constitutional claims, the proper avenue to seek relief is . . . directly petitioning the government for redress of his claims," as Plaintiff has done here. *Hardimon v. Westchester County*, No. 13-CV-1249, 2013 WL 5952862, at *5 (S.D.N.Y. Nov. 6, 2013) (quotation marks and citation omitted).

Accordingly, the Court dismisses Plaintiff's Section 1983 claims against the John Doe sergeants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Claims Against Officer Delgato**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if it contains "sufficient factual matter" that, if "accepted as true," would permit the "reasonable inference that the defendant is liable for the misconduct alleged," a standard often referred to as "plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)). When reviewing whether a complaint states a plausible claim, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id*.

Plaintiff names Officer Delgato as a defendant, but her sole mention of this defendant is that Delgato woke her up after her fall. (Compl. 4.) Plaintiff alleges no facts suggesting that Officer Delgato did anything to violate her rights. (*See generally* Compl.) Because the Complaint fails to provide notice of the conduct for which Plaintiff seeks to hold Officer Delgato liable, she has failed to state a claim against this defendant. The Court therefore dismisses, for failure to state a claim, Plaintiff's Section 1983 claims against Officer Delgato. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Should Plaintiff wish to amend her Complaint to include allegations that state a viable claim against Officer Delgado, she may file any such amended complaint within 30 days from the date of this Order.

### C. Claims Against DOCCS

Plaintiff names DOCCS as a defendant. (*See* Compl. 1.) "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (alterations adopted). This immunity shields States and their agencies from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72–74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (quotation marks and citation omitted). DOCCS is such an arm of the state. *See Czerwinski v. New York State Dep't of Corr. & Cmty. Supervison*, 394 F. Supp. 3d 210, 227 (N.D.N.Y. 2019) ("There can be no dispute that DOCCS is an agency and arm of the State of New York and, therefore, entitled to New York's Eleventh Amendment immunity.")

New York has not waived its Eleventh Amendment immunity to suit in federal court in this context, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's constitutional claims under Section 1983 against DOCCS as barred by the Eleventh Amendment and for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *Close v. New York*, 125 F.3d 31, 38–39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although

the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.”).

**D. Service on Remaining Defendants**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service.[1] *Walker*, 717 F.3d. at 123 n.6; *see also* 28 U.S.C. § 1915(d) (“The officers of the court shall issue and serve all process . . . in [IFP] cases.”); Fed. R. Civ. P. 4(c)(3) (explaining that the court must order the Marshals Service or a person specially appointed by the court to effect service if the plaintiff is authorized to proceed IFP under 28 U.S.C. § 1915).

To allow Plaintiff to effect service on Defendants WCDOC, Wellpath, Nurse Hamilton, Nurse Betty, and Officer Rosario through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (“USM-285 form”) for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to affect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff’s responsibility to request an extension of time for service).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Court dismisses Plaintiff's claims against John Doe Sergeants 1–3 and Officer Delgato for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). As described above, should Plaintiff wish to amend her complaint to include additional allegations as to Officer Delgato, she shall have 30 days from the date of this order to file any amended complaint.

The Court dismisses Plaintiff's claims against DOCCS as barred by the Eleventh Amendment and for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3).

The Clerk of Court is directed to issue summonses for the WCDOC, Wellpath, Nurse Hamilton, Nurse Betty, and Officer Rosario, complete the USM-285 form with the address for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: July 28, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFEDANT**

1. Westchester County Department of Corrections
   10 Woods Rd
   Valhalla, NY 10595

2. Wellpath
   6550 Carothers Parkway, Suite 500
   Franklin, TN 37067

3. Nurse Hamilton
   10 Woods Rd
   Valhalla, NY 10595

4. Nurse Betty
   10 Woods Rd
   Valhalla, NY 10595

5. Officer Rosario
   10 Woods Rd
   Valhalla, NY 10595